UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                                    Case No. 1:03-CR-11

v.

                                    HON. DAVID W. McKEAGUE

SERGIO SALCEDA-GUERRERO,

       Defendant.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION
AND DENYING § 2255 MOTION**

Defendant Sergio Salceda-Guerrero having been sentenced to a prison term of 57 months on May 23, 2002; and

Defendant having exhausted his direct appellate rights; and

Defendant having now moved the Court to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255; and

The motion having been reviewed by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b); and

The magistrate judge having issued an 8-page report and recommendation recommending that defendant's motion be denied; and

The report and recommendation having been duly served on the parties and no objection having been filed within the time permitted by law; and

The Court having duly considered the report and recommendation and finding it to be well-reasoned and in accord with applicable law;[1] now therefore,

**IT IS HEREBY ORDERED** that the report and recommendation is **ADOPTED** as the opinion of the Court; and

**IT IS FURTHER ORDERED** that, consistent with the report and recommendation, the defendant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is **DENIED.**


Dated: June 6, 2005              /s/   David W. McKeague
                                 DAVID W. McKEAGUE
                                 UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that since the date of the report and recommendation, the Supreme Court has issued its ruling in *United States v. Booker*, 125 S.Ct. 738 (2005), which is arguably relevant to defendant's motion. *Booker* has no impact, however, as the Sixth Circuit has determined that *Booker* announced a new rule of criminal procedure that cannot be invoked retroactively to upset convictions or sentences that became final before the *Booker* decision was announced. *Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005).